# AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Joseph Milewczik, a Task Force Officer with the Federal Bureau of Investigation (FBI), being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Police Officer with the City of Chesapeake Police Department (CPD) since March 2004. I have been assigned as an Investigator with the Vice and Narcotics Division (V&N) from August 2013 to August 2022. In this capacity I investigated criminal violations relative to fatal drug overdoses, drug trafficking conspiracies, as well as the possession and distribution of illegal narcotics. I have been assigned as an Investigator with CPD Robbery and Homicide unit from August 2022 to July 2023 and am currently assigned to CPD Criminal Intelligence. I am a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI) Tidewater Violent Crimes Task Force. I have been assigned to the FBI office in Norfolk, Virginia, specifically to the Tidewlater Violent Crimes Task Force since October 2015, where I investigate and have investigated violations of federal criminal law. I have gained experience and knowledge through training and everyday work related to conducting these types of investigations.

2. I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510 (7), and Title 21 United States Code, Section 878, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18 and Title 21 United States Code.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses, including the FBI, CPD,

1

Virginia State Police (VSP), and the United States Postal Inspection Service (USPIS). Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a complaint and arrest warrant, this affidavit does not set forth each and every fact learned by me or observed by me during the course of this investigation. This affidavit includes only the facts I believe are necessary to establish probable cause to believe that Eric Ransom Lauderdale (hereinafter LAUDERDALE) has committed the following offense: from in or about June 2025 to February 2026 conspiracy to manufacture, distribute and possess with intent to manufacture and distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846 (Count One).

## STATUTORY AUTHORITY

4. 21 U.S.C. § 841(a)(1) states the following: "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."

5. 21 U.S.C. § 846 states the following: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

## PROBABLE CAUSE

6. In or about June of 2025, the Chesapeake Police Department (CPD) working in conjunction with the Federal Bureau of Investigation (FBI), Virginia State Police (VSP) and the United States Postal Inspection Service (USPIS), hereinafter the investigative team, began

investigating the drug trafficking activities of LAUDERDALE and various coconspirators known and unknown. The investigation into LAUDERDALE began when a confidential human source, CS-1, reported to the investigative team that "ICE" was a source of supply for controlled substances, including marijuana, cocaine, and methamphetamine. CS-1 further reported that "ICE" resides in the state of California but travel to the Hampton Roads area to receive controlled substances and distribute them throughout the area in large quantities. "ICE" sends packages in the mail containing controlled substances from California to Virginia. CS-1 has been assessed to be credible and reliable because CS-1 made statements against his/her penal interest and the investigative team has been able to independently corroborate some of the information provided by CS-1.

7. The investigative team determined that "ICE" is LAUDERDALE through financial and phone records. The investigation to date has revealed that LAUDERDALE engages in the trafficking of multiple kilograms of cocaine, methamphetamine and marijuana from California to the Eastern District of Virginia (EDVA). The investigation has further revealed that LAUDERDALE frequently travels between the two states by commercial airlines and orchestrates the delivery of controlled substances to EDVA via various means, including, but not limited to, sending packages containing controlled substances from California to EDVA through the United States Postal Service. Airline records show that LAUDERDALE has taken approximately five roundtrip flights from California to Virginia from June 2025 to present.

8. The investigative team determined from law enforcement databases that LAUDERDALE resides at [REDACTED], North Hollywood, California. The investigative team determined that LAUDERDALE ships packages containing controlled substances to a coconspirator in EDVA, Unindicted Coconspirator One, UCC-1. UCC-1 resides

at ▮▮▮▮▮ Suffolk, Virginia. The investigative team contacted USPIS who confirmed that UCC-1's registered address of ▮▮▮▮▮ Suffolk has received a large quantity of packages from California within the last year. The majority of these packages have a common post office as a point of origin. USPIS was able to obtain a package manifest list for this location that showed a plethora of suspicious, suspected drug parcels shipped from North Hollywood, California post offices. These packages showed multiple indicators of drug trafficking to include; origination from a known source state, fictitious names and return addresses, weights consistent with drug parcels sent priority mail and exorbitant overnight postage rates. The investigative team was able to identify 104 suspicious packages shipped to ▮▮▮▮▮ Suffolk, VA. 23435 for a total net weight of 174.36 pounds. In addition, the investigative team learned that packages with similar indicators were sent to a likely unwitting neighbor's residence at ▮▮▮ ▮▮▮▮▮uffolk, Virginia.

9. On or about December 8, 2025, at approximately 1619 hours a package was delivered to ▮▮▮▮▮. (Directly across the street from UCC-1's residence). This package's point of origin was North Hollywood, CA, the city where LAUDERDALE resides. The package's return address was listed as "Tahyra Smith ▮▮▮▮▮ North Hollywood CA 91601." The investigative team noted the similarity of this address to the known address of LAUDERDALE. In addition, a search of law enforcement databases failed to identify any such person "Tahyra Smith" associated with that address or existing anywhere in the United States. It is common for individuals who send drug packages through the mail to use fictitious names to help distance themselves from the criminal conduct. Immediately after delivery to the residence, an electronic surveillance platform observed a subject matching UCC-1's appearance exit ▮▮

4

[REDACTED] walk directly across the street and immediately return with a USPS package. The subject then entered the residence at [REDACTED].

10. On or about December 10, 2025, the investigative team observed on electronic surveillance platform UCC-1 departing his residence at [REDACTED] Suffolk, VA. at 2:56 pm with a gold tin-can and returning at 3:07 pm with that can before throwing the item in the trash in front of his residence.

11. During the third week of January 2026, law enforcement recorded a telephone conversation with LAUDERDALE wherein he confirmed that a narcotic parcel was sent to Virginia.

12. On or about January 20, 2026, a package entered the United States mail system with tracking number "9405 5508 9956 2026 0596 41" addressed to [REDACTED]. Suffolk, VA. 23435. The package's return address was once again listed as "Tahyra Smith [REDACTED], North Hollywood Ca. 91601."

13. On or about January 23, 2026, USPS priority mail package "9405 5508 9956 2026 0596 41" was intercepted by law enforcement. A search warrant was obtained by USPIS for the contents of the package. Inside the package, law enforcement recovered two large sealed tin-cans that contained one kilogram of cocaine and five pounds of methamphetamine. These tin-cans were identical in appearance to the one UCC-1 was observed carrying from his residence on December 10, 2025. The package was listed on the USPS tracking website as "Seized By Law Enforcement." No further enforcement action was taken. The same date of the package seizure, LAUDERDALE turned off his phone and it appears that he dropped this device. The investigative team has determined that LAUDERDALE has not turned this device back on since that date.

14. On or about February 23, 2026, law enforcement recorded a telephone conversation with LAUDERDALE where he acknowledged sending the controlled substance parcel seized by law enforcement. During the conversation, LAUDERDALE mentioned the drug weights seized inside the package, which are consistent with the drug weights of the items seized.

## CONCLUSION

15. Based on the forgoing, I submit that there is probable cause to believe that ERIC RANSOM LAUDERDALE committed the following offenses: from in or about June 2025 to February 2026 conspiracy to manufacture, distribute and possess with intent to manufacture and distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846 (Count One).

16. I further request that the Court authorize the issuance of an arrest warrant for ERIC RANSOM LAUDERDALE for these offenses.

_____
Joseph A. Milewczik, Task Force Officer
Federal Bureau of Investigation

Read and Approved:

____/s/_____
Megan Montoya
Assistant U.S. Attorney

Subscribed and sworn to before me
On this 10th day of March 2026.

_____/s/
Douglas E. Miller
United States Magistrate Judge

6

The Honorable
United States Magistrate Judge